# In the United States Court of Federal Claims

Case No. 09-165C
FOR PUBLICATION
Filed: November 3, 2009

* * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| EXXON MOBIL CORP., | |
| Plaintiff, | RCFC 40.2(a)(2)(B); RCFC 40.1(a) |
| | *Entergy v. United States*, 62 Fed. Cl. |
| v. | 798 (2004); *Franconia Assocs. v.* |
| | *United States*, 61 Fed. Cl. 798 |
| THE UNITED STATES, | (2004); *Shell Oil v. United States*, |
| | 80 Fed. Cl. 411 (2008) |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*William Stephen Foster, Jr.*, Baker Botts, L.L.P., Washington, D.C., for Plaintiff.

*Kenneth David Woodrow*, Trial Attorney, with whom were *Michael F. Hertz*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Mark A. Melnick*, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**SMITH,** Senior Judge**:**

With its Complaint, ExxonMobil filed a Notice of Directly Related Case pursuant to the "same contract" provision of RCFC 40.2(a)(2)(B), asserting that its current action against the United States is directly related to *Shell Oil Co. v. United States*. *See* 80 Fed. Cl. 411 (2008). As a result, the present action was assigned to this Judge. After assignment, the Government filed a motion to transfer the case back to the Clerk of Court for random reassignment claiming that the present action and *Shell Oil* are not directly related cases under RCFC 40.2(a)(2)(B) because the contract at issue here is not the same contract as in *Shell Oil*. Thus, the Defendant asserts that the case must be returned to the Clerk for random reassignment or that, in the alternative, the Chief Judge must reassign the case.

The motion was fully briefed and oral argument was held. After careful review and consideration, the Court holds that the present action is properly assigned to this Judge and, therefore, **DENIES** Defendant's Motion for Transfer.

## I. BACKGROUND

ExxonMobil's contract originates from a standard form contract executed by the Government during the Second World War. *Shell Oil*'s action also involved a contract executed by the Government for the same war. Throughout the war, the Government's Defense Supplies Corporation contracted with a number of oil companies, including the predecessors of Shell Oil and ExxonMobil, for the production of a high-octane aviation gasoline, also known as "avgas." Over the past two decades, ExxonMobil, Shell Oil, and other oil companies have been required by state and federal law to clean up residual contamination resulting from the production of avgas. (*See* Compl. at 4.) *See also Shell Oil*, 80 Fed. Cl. at 413 (citing Plaintiffs' liability for residual avgas contamination under CERCLA).

In 2006, Shell Oil and four other oil companies (excluding ExxonMobil) filed claims in this Court seeking reimbursement for the clean-up costs pursuant to separate, but nearly identical, avgas production contracts. *See Shell Oil*, 80 Fed. Cl. at 413. Those contracts contained reimbursement provisions that stipulated the Government would indemnify the companies for new or additional charges imposed by federal or state law relating to the production of avgas. *Id.* ExxonMobil now seeks indemnification for the costs of investigating and remedying residual avgas contamination pursuant to an identical reimbursement provision in its contract. (Pl.'s Notice of Directly Related Case at 2.)

## II. DISCUSSION

Pursuant to the language of RCFC 40.2(a)(2)(B), the relevant case law, and the policies behind RCFC 40.1 and RCFC 40.2, the Court holds that this case is directly related to the *Shell Oil* case and should not be transferred for random reassignment.

*A. ExxonMobil and Shell Oil are Directly Related Pursuant to RCFC 40.2(a)(2)(B)*

RCFC 40.2(a)(2)(B) (the Rule) states that cases are directly related when "they involve the same contract, property or patent." *Id.* Pursuant to the Rule, the Plaintiff filed a Notice of Directly Related Case stating that this case is directly related to the *Shell Oil* case. *See Shell Oil*, 80 Fed. Cl. at 411. In response, the Government filed a Motion for Transfer arguing that the cases are not directly related and, therefore, this case should be transferred back to the Clerk of Court for random reassignment. Specifically, the Government argues that the contracts are not "the same" as the Rule requires. (Def.'s Mot. for Transfer 3.) The Plaintiff, however, contends that the identical provisions at issue here and in *Shell Oil*, which were embedded in different contracts, satisfy the "same contract" provision under the Rule. (Pl.'s Resp. at 3-4.)

In support of its argument that the contracts must be the a single contract, the Government relies on two cases. First, the Government cites *Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 337 (2004), to support its claim that the Rule is governed by the strict "same transaction" standard of the permissive joinder rule in RCFC 20(a). (Def.'s Mot. for Transfer at 4.) The Government also cites *Entergy v. United States*, 62 Fed. Cl. 798, 801 (2004), asserting that "[p]recisely the same contract must be involved, not just a contract that is similar or that has identical or comparable terms . . . ." (Def.'s Mot. for Transfer at 4.)

However, there have been instances when individual judges have retained a case after a plaintiff filed a notice of directly related cases, which involved similar standard form contracts issued by the same agency. For example, Judge Lettow retained, and the Government did not oppose, the assignment of a directly related case where the cases arose from a particular contractual provision embedded in separate standard form contracts issued by the Department of Housing and Urban Development. *See* Notice of Directly Related Cases, *Mayflower Housing P'ship v. United States*, No. 06-731C (Fed. Cl. Oct. 25, 2006). Similarly, Judge Allegra retained a directly related case where the claims arose from separate but "similar" loan contracts executed by the Department of Agriculture. *See* Notice of Related Cases, *Parkwood Assocs. v. United States*, No. 07-742C (Fed. Cl. Oct. 24, 2007). Thus, this Court holds that the present case and notice are more like those in *Mayflower* and *Parkwood* rather than *Franconia* and *Entergy*, because neither *Franconia* nor *Entergy* addressed similar standard form contracts while *Mayflower* and *Parkwood* did.

As in *Mayflower* and *Parkwood*, the contracts in *ExxonMobil* and in *Shell Oil* are not exactly the same. Here, the contracts clearly contemplate different oil companies, price terms, quantities, time frames, and avgas production locations. Yet, these contracts are factually similar because they were entered into for the purpose of producing, delivering, and disposing of avgas during World War II. Each contract also contains an identical indemnification clause that is at issue, as it was in *Shell Oil*. Therefore, because these contracts share a similar and unique historical and factual background, and identical indemnification provisions, the cases are directly related and this case is properly before this Judge.

*B. The Policy Behind RCFC 40.1(a) and 40.2(a)(2)(B) Supports the Court's Ruling*

The Government asserts that retaining the present action will "nullify" random assignment under RCFC 40.1(a) for future cases involving similar contractual language. (Def.'s Reply at 3-4.) The Government argues that this will deny the Federal Circuit the benefit of multiple trial court rulings on similar claims, leading to an ossification of the law. *Id*. While maintaining random assignment is an important concern, the Government overstates the potential consequences of this Court retaining assignment of the present action, as this case contains similar contracts, arises out of these same set of facts, and contains identical indemnification provisions. The Government's reasoning, if carried to its logical conclusion, would bar the doctrine of collateral estoppel.

Where cases based on similar legal issues, but materially different factual situations are involved, the Government's position has some force. Here, that is not the case. Here, we are dealing with a common and unique historical situation, procuring the special fuel needed to give America's fighter planes the technological edge over German and Japanese aircraft. The problem was the same, the technology was the same, and the product was the same fungible liquid, avgas, whether made by Shell, ExxonMobil, or their earlier corporate forms. The pollution created was the same. And of course, the Government's modern response was the same.

Furthermore, efficiency and consistency are the hallmarks of RCFC 40.2(a). The Rule aims to "conserve judicial resources and promote the efficient administration of justice." RCFC

3

40.2(a)(3)(A)(iii). According to the Rules Committee Notes on Rule 40.2, directly related cases should be assigned to a single judge for "the sake of consistency." After finding that this case is directly related under the Rule, it is only logical for this Judge to retain the case. Having issued the opinion in *Shell Oil*, this Judge is familiar with the unique historical circumstances surrounding the Government's procurement of avgas and will need to expend fewer resources to acquaint itself with the relevant facts in this case. Retaining assignment of the present action will not jeopardize the judicial procedures that this Court hopes to safeguard, but will promote judicial efficiency and consistency.

### III. CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion for Transfer.

**It is so ORDERED.**

 s/Loren A. Smith
LOREN A. SMITH,
Senior Judge